Patrick W. SIMMONS, Petitioner,

v.

INTERSTATE COMMERCE COMMIS-SION and United States of America, Respondents,

and

Missouri Pacific Railroad Company, Intervening–Respondent.

No. 89–2874.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 28, 1990.

Decided Aug. 27, 1991.

Rehearing and Rehearing En Banc Denied Oct. 30, 1991.

Gordon P. MacDougall (argued), Washington, D.C., John J. Naughton, Henslee, Monek & Henslee, Chicago, Ill., for petitioner.

Dennis J. Starks, Henri F. Rush (argued), Robert S. Burk, I.C.C., Office of the General Counsel, Richard L. Thornburgh, U.S. Atty. Gen., Washington, D.C., William Redmond, I.C.C., Compliance & Consumer Assistance, Chicago, Ill., Anton R. Valukas, U.S. Atty., Criminal Division, Chicago, Ill., Andrea Limmer, Dept. of Justice, Civil Division, Appellate Section, Catherine G. O'Sullivan, Dept. of Justice, Antitrust Division, Appellate Section, Washington, D.C., for respondents.

Joseph D. Anthofer (argued), Omaha, Neb., for Intervenor.

Before POSNER and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Patrick W. Simmons, Illinois Legislative Director for United Transportation Union, petitions for review of an order of the Interstate Commerce Commission exempting from the requirement of a determination of public convenience and necessity the abandonment of a two mile segment of line of the Missouri Pacific Railroad Company.

A segment of the Sparta Branch of the Missouri Pacific runs from Sparta, Illinois northeasterly to Centralia, Illinois. Another segment, formerly continued from Centralia 14.4 miles northeast to Salem, where it connected with other Missouri Pacific line. In 1987, the Commission granted exemption of the abandonment of 12.4 miles of that segment, between Centralia and the two mile segment involved in the present proceeding. This two mile segment still connects with other Missouri Pacific line at Salem.

In seeking the exemption, Missouri Pacific stated that it would abandon the two mile segment of line, but leave the track in place and reclassify it as industrial spur. There are only two shippers on the segment and they support, or at least do not object to, the proposal. It appears that as long as the two mile segment is part of the Sparta Branch of the line, existing labor arrangements require that operations be performed by a crew based in Sparta, and taxied from either Sparta (57 miles) or Centralia (14 miles). If the segment is reclassified as industrial spur, the labor arrangements leave Missouri Pacific free to use the Salem crew, readily at hand.

The Commission, with two dissenting votes, found exemption appropriate. It decided that a proceeding under § 10903 is not necessary to carry out rail transportation policy, and regulation is not necessary to protect shippers from an abuse of market power. The Commission noted that if the segment is indeed a spur exempt from regulation under 49 U.S.C. § 10907, Missouri Pacific could abandon it without applying for exemption, but the Commission declined to address the issue whether the segment may properly be classified as an industrial spur. The Commission granted exemption, subject to the employee protective conditions in *Oregon Short Line R. Co.—Abandonment—Goshen*, 360 ICC 91 (1979). The Commission later denied petitions for stay and for reconsideration.

Mr. Simmons describes the issue presented as "Whether the I.C.C. properly authorized the abandonment of a rail line, which would not in fact be abandoned, for the purpose of permitting the carrier to abrogate existing labor contracts." Asserting that the service over the two mile segment will be the same after "abandonment" as before, and terming abandonment a fiction, he argues that the order must be set aside because its only effect is to alter a collective bargaining agreement without compliance with the Railway Labor Act, 45 U.S.C. § 151 *et seq.* He also challenges the Commission's findings concerning profitability of the segment.

Before we can address these arguments, however, there is a threshold question whether Mr. Simmons or the Union or the employees represented by the Union have standing under the law of this Circuit to bring this petition for review.

In *Simmons v. I.C.C.*, 909 F.2d 186, *rehearing en banc denied*, 909 F.2d at 191 (7th Cir.1990), *cert. den.*, —— U.S. ——, 111 S.Ct. 1308, 113 L.Ed.2d 242 (1991), the court dismissed a petition for review filed by Simmons for lack of standing (hereinafter *Vol. 909 Simmons*). The court treated Simmons' petition as if filed in an official capacity on behalf of the United Transportation Union. 909 F.2d at 187 n. 1. The court held:

> The pertinent provisions of the Interstate Commerce Act clearly are not intended to protect a rail employee's interest in retaining his job. Therefore the Act's zone of interests does not encompass the only UTU members' interest which Simmons alleges the ICC's action threatens. Simmons has no standing to petition for review under [*Clarke v. Securities Industry Association*, 479 U.S. 388, 107 S.Ct. 750, 93 L.Ed.2d 757 (1987)].

The court further held:

> Since Simmons has not established standing in his own right (as representative of UTU members), he cannot have standing as a representative of the public interest.

909 F.2d at 190.

The holding of *Vol. 909 Simmons* requires dismissal of the present petition for lack of standing.

To be sure, there are factual differences between the two cases. *Vol. 909 Simmons* involved the Commission's refusal to revoke a class exemption for a particular sale of a rail line; the present case involves the grant of an exemption for abandonment of a segment of line. In *Vol. 909 Simmons*, it was alleged the sale would cause UTU members to lose their jobs (for which the Commission did not order employee protective conditions); here it is claimed that there will be lost income for Sparta Branch personnel which will not be compensated by the *Oregon Short Line* protective conditions (which were imposed). The differ-

ences do not permit us to distinguish *Vol. 909 Simmons*. The injury to employees and the interest involved is the same in kind, compensable in money.

We do not have before us any argument that the employees were entitled by law to more favorable protective conditions than the Commission imposed. *Cf. Simmons v. I.C.C.*, 934 F.2d 363 (D.C.Cir.1991).

We consider ourselves bound by *Vol. 909 Simmons*. On August 2, 1990, less than two months before this case was argued, this court denied rehearing *en banc* by a vote of 9 to 2, and the dissenting judges filed an opinion, 909 F.2d at 191. On December 14, 1990, Mr. Simmons filed a petition for *certiorari* which was denied March 18, 1991. Under these circumstances, this panel does not deem it appropriate to reexamine the issue.

The petition for review is DISMISSED.